Preston BRADSHAW, Jr.,
Plaintiff—Appellant,

v.

Susan STOLLER, et al., Defendants—
Appellees.

No. 02–55160.
D.C. No. CV–00–01722–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2003.*

Filed Feb. 6, 2003.

Amended June 23, 2003.

Before D.W. NELSON, WARDLAW,
and FISHER, Circuit Judges.

ORDER

The memorandum disposition filed February 6, 2003 is AMENDED and replaced with the attached memorandum disposition. With these amendments, the petition for panel rehearing is DENIED.

AMENDED MEMORANDUM**

Preston Bradshaw appeals the district court's order granting summary judgment in favor of officers Susan Stoller, John Pearsley, five unnamed city employees, and the City of El Cajon [1] on his 42 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. It appears from the district court's order that Bradshaw withdrew his claims against the City of El Cajon. In any event, Bradshaw does not allege that the police officers were acting pursuant to a city policy; thus there would be no liability under *Monell v. Depart-*

§ 1983 action. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

■ While the district court found triable issues existed as to the reasonableness of Bradshaw's arrest, it nonetheless granted summary judgment, finding that the officers were immune from suit. A police officer is immune from § 1983 liability unless (i) "the officer's conduct violated a constitutional right;" and (ii) "the right was clearly established," i.e., "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see also Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1050 (9th Cir.2002).

Resolving, as did the district court, all disputed facts in Bradshaw's favor, *Estate of Ford*, 301 F.3d at 1045, the first *Saucier* prong is met. Bradshaw alleges that the police handcuffed and arrested him for resisting an officer under California Penal Code § 148(a) after he approached his car while disputing an illegal tow.[2] The Fourth Amendment prohibits arrest unless police have probable cause to believe a crime has been or is being committed. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). An unprovoked arrest would thus violate a constitutional right.

■ Bradshaw's claim fails the second *Saucier* prong, however, because it would not have been clear to a reasonable officer that the conduct here was unlawful. The California Vehicle Code authorizes private property owners to cause vehicles to be towed from their property, Cal. Veh.Code § 22658, and vests police officers with the power to enforce this provision. *Id.* § 40000.1; Cal.Penal Code § 830.1; *see also People v. McKay*, 27 Cal.4th 601, 117 Cal.Rptr.2d 236, 41 P.3d 59, 74 (2002). The undisputed facts establish that (1) Bradshaw's car was parked in a ten-minute loading zone longer than ten minutes; (2) when he moved into the complex, Bradshaw received a document entitled "Villa Grande Apartments Parking Rules," which states that cars parked in the loading zones for longer than ten minutes will be towed; (3) the parking space in which Bradshaw parked was clearly marked as a loading zone; (4) the officers were aware that Bradshaw was on notice that his car would be towed and (5) the apartment manager authorized the towing of the car. Thus, the officers reasonably could have believed that the tow was proper; that they had a duty to enforce it and the peace, generally; and that Bradshaw's walking to the car after an extended disagreement with the police was a move to obstruct the tow or worse.

Bradshaw contends, however, that the tow was unlawful because warning signs were not placed at all of the property's four entrances, in violation of California Vehicle Code § 22658(a).[3] Although § 22658(a)(1) does require the posting of

---

*ment of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

2. While we do not discuss the facts at length, they are eerily reminiscent of the impetus for Conrad Hensley's fictional descent from the life of a working middle class man to that of a fugitive on the run, recounted in Thomas Wolfe's 1998 novel, *A Man in Full*.

3. Bradshaw also contends that the tow operator's offer, which the police encouraged, to drop the car from his truck for a fee violated Cal. Veh.Code § 22658(h), which requires the property owner's authorization for such an offer. Because the appropriateness of the tow operator's offer would affect neither the validity of the tow under § 22658(a) nor the officer's perception that Bradshaw was impeding the tow, it is irrelevant to his § 1983 claim.

warning signs prohibiting *public* parking at all entrances to the property, it is by no means clear that this provision—which seems intended to provide notice to members of the public that their vehicles may be towed if they park on private property – speaks to the authority of apartment complex owners or managers to tow the vehicles of residents who, unlike members of the general public, are already on notice that their cars may be towed. Moreover, § 22658(c) provides that "[t]his section does not limit or affect any right or remedy which the owner or person in lawful possession of private property may have by virtue of other provisions of law authorizing the removal of a vehicle parked upon private property." Cal. Veh.Code § 22658(c). In light of this provision, as well as the officers' awareness that Bradshaw was on notice that his car would be towed if he parked in the loading zone for longer than ten minutes, the officers' belief in the legality of the tow—regardless of the absence of warning signs – was neither plainly incompetent nor a knowing violation of the law. *See Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ("The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law."). Because any mistake as to the legality of the tow was reasonable, the officers are entitled to immunity. *See Saucier,* 533 U.S. at 205, 121 S.Ct. 2151.

Bradshaw also contends that summary judgment is inappropriate because the resolution of his claim hinged on credibility determinations within the province of the jury, and because the district court failed to construe all facts in his favor. The district court, however, resolved all disput-

ed facts and credibility issues in Bradshaw's favor before properly determining that the officers are immune from suit. As it stated in its order, the district court assumed that Bradshaw's version of the facts is correct. Thus, there are no material issues as to credibility that require a jury determination.

AFFIRMED.